Opinion filed September 11, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00214-CR

                                                    __________

 

                                 DONALD RAY CASMIRE, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                      On
Appeal from the Criminal District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 99229

 



 

                                             M
E M O R A N D U M  O P I N I O N

The
jury convicted Donald Ray Casmire of burglary of a habitation, found the
enhancement  allegation to be true, and assessed his punishment at confinement
for fifty years.  We affirm.

                                                               Background
Facts








The
State originally alleged four prior felony convictions in the indictment:  a
1998 burglary of a building, a 1998 attempted burglary of a habitation, and two
1998 burglaries of habitations.  The State abandoned all but one of the
burglary of a habitation convictions.  The State offered appellant a plea
bargain agreement in which it agreed to a punishment cap of confinement for
twenty years and for the punishment for this offense to run concurrent with any
punishment assessed as a result of any parole revocation that might occur. 
Appellant rejected the State=s
offer.

There
is no challenge to the sufficiency of the evidence.  Port Arthur Police Officer
J. Fontenette testified that he was dispatched to a burglary in progress. 
Officer Fontenette entered the home and found appellant hiding underneath a
mattress in a spare bedroom.  David Frank testified that he lived in the home,
that appellant was living with his father next door to Frank=s home, that a window in
the front of Frank=s
home had been broken, that his home had been Aransacked,@ and that he had not given
appellant permission to enter his home.

                                                                 Issues
on Appeal

Appellant
has briefed two issues on appeal.  First, appellant contends that the trial
court erred by striking a potential juror for cause over appellant=s objection.  Next,
appellant contends that the trial court Acommitted
egregious error@ by
failing to comply with Tex. Code Crim.
Proc. Ann. art. 37.07 (Vernon Supp. 2007) when it responded to a
note from the jury during deliberations on punishment.

                                                                   Jury
Selection

During
voir dire, Venireman No. 12 requested a bench conference to discuss his
reservations about serving as a juror.  At the conference, the following
occurred:

VENIREMAN
NO. 12:   In my childhood, at the time I was [a] teenager, I used to burglarize
a lot in the neighborhood and never did get caught.  But I just can=t see myself being on a
jury on B on this
court right here.

 

THE
COURT:   Because what?

 

VENIREMAN
NO. 12: Of my past, you know.  Because I never did get caught and I couldn=t judge a guy that=s got caught.  And if he
did get caught, if he=s
guilty or not, you know, I don=t
think I could play a role in that part.

 

THE
COURT: You feel that you would have a hard time being fair and impartial for
the State or the defense if you were a juror?

 

VENIREMAN
NO. 12: Yes, sir.

 








Venireman No. 12
further stated that he did not think he could make a Agood judgment@
as to punishment and that he would not want to give anyone the penalty of
confinement for ninety-nine years.  When the trial court asked him if he felt
that his personal experience would influence his ability to be fair and
impartial, Venireman No. 12 answered that he thought that it would.

The
State challenged Venireman No. 12 for cause.  Appellant objected on the ground
that Venireman No. 12 had not disqualified himself.  The trial court granted
the State=s challenge.

The
appellate court gives considerable deference to the trial court=s decision to excuse a
member of the venire panel for cause because the trial court is in the best
position to evaluate the member=s
statements and demeanor.  King v. State, 29 S.W.3d 556, 568 (Tex. Crim.
App. 2000). The totality of the voir dire testimony must be considered; and,
absent an abuse of discretion, the trial court=s
decision will not be reversed.  Id.

Appellant
contends on appeal that Venireman No. 12 never affirmatively stated that he
could not consider the full range of punishment and that, therefore, the trial
court abused its discretion.  We disagree.

When
Venireman No. 12=s
entire testimony is reviewed, it is clear that his prior teenage activities
were interfering with his ability to be fair and impartial.  He stated that he
did not believe he could consider the full range of punishment under any set of
circumstances.  As the court stated in King, the trial court was in the
best position to evaluate Venireman No. 12=s
answers and his demeanor.  Id.  The record before this court does not
support appellant=s
arguments.  The first issue is overruled.

                    Instructions
to the Jury and Jury Deliberations at the Punishment Phase

No
objection was raised to the omission of an instruction concerning parole law in
the jury charge.  The existence of parole law was not mentioned during closing
argument.  During its deliberation, the jury sent out a note asking what was
the Adefinition of
life sentence in years.@ 
Both the State and appellant stated that they had no objection to the trial
court=s answer that ATexas law does not equate a
life sentence to a particular amount of years.@


Appellant
contends that the jury=s
note shows that it was considering the application of parole law in the absence
of a proper instruction in the charge under Article 37.07.  Appellant argues
that this establishes egregious harm and, therefore, reversible error.








When
an objection is not raised to the charge, the entire record of the trial must
be reviewed to determine if the error is so egregious and created such harm
that the defendant has not had a fair and impartial trial.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  If so, then reversible error has
occurred.  Id.

Parole
law was not mentioned during the trial.  Evidence of appellant=s prior convictions for
burglary, for attempted burglary, and for two offenses of burglary of a
habitation were admitted into evidence.  In three of these offenses, appellant
had either been placed on community supervision and then revoked or had had the
adjudication of his guilt initially deferred, been placed on community supervision,
and then later been adjudicated guilty.  Appellant admitted to the jury that he
had both a criminal record and a drug problem.  He testified that he had only
gone next door to Frank=s
home to shut an open window.  Appellant also testified that it was completely
impossible for him to have ransacked the home because he was not inside long
enough.  Appellant stated that the officers were not lying when they testified
how they found him inside the spare bedroom.  After the jury found him guilty,
appellant asked for leniency in its assessment of punishment.  The State made
no recommendation as to the length of sentence.

We
do not find that the omission of the parole law instruction created egregious
harm that denied appellant a fair and impartial trial.  The second issue is
overruled.

                                                             This
Court=s Holding

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

September 11,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.